IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERRICK A GIBSON,

      Petitioner,

v.                                CASE NO. 1:13-cv-243-WTH-GRJ

SECRETARY, DEPT. OF CORR.,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his jury-trial conviction in Alachua County for aggravated assault, for which he is serving a 20-year sentence.  ECF No. 1.  The Respondent filed a response to the merits of the Petition, ECF No. 10, and Petitioner filed a reply, ECF No. 12.  Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

## **I.  State-Court Proceedings**

The procedural history of this case is summarized in the Response, and Petitioner does not dispute the accuracy of that summary.  *See* ECF No. 10, ECF No. 12.

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner was charged with attempted first degree murder and possession of a firearm by a convicted felon.  Petitioner's trial commenced on July 11, 2007.  The victim, Allen Simmons, testified that in November 2005 he was dating Shequana Williams, the Petitioner's niece.  Simmons found $17,000 in a jacket pocket at Williams' house and took the money, eventually returning some of it to Williams.  A week or two later, Simmons encountered Petitioner who pulled a gun from his waistband and demanded his money.  Petitioner had a shirt draped over his shoulder that he pulled off; the shirt was identified in court as Petitioner's.  Petitioner tried to hit Simmons with the gun, and Simmons ran.  As he was running, Simmons heard gunshots and saw the grass "jumping" beside him and a "whiz" across his head.  Simmons ran to an animal hospital and called the police.  ECF No. 10-1 at 33-42.

A recording of the call was played for the jury.  Simmons identified Petitioner as the person who shot at him and identified the gun as a .9 millimeter semiautomatic.  When Simmons first spoke with the police, he did not tell them why Petitioner was shooting at him.  He identified Petitioner in a photo lineup and in open court.  *Id*. at 42-50.

On recall examination, Simmons testified that while he was being

interviewed at GPD his cell phone rang and Simmons let it go to voicemail.

Simmons testified that he listened to the message directly from his

voicemail and then returned to the GPD officer, who used a handheld

digital recorder to record the message.  An audiotape of the recorded

voicemail message, which was described as "unintelligible," was played for

the jury.  Simmons testified that when he listened to the message directly

from his voicemail the message was "you think it's a game?  I ain't gonna

let the crackers get me before I get your punk ass, n----r."  His phone

subsequently was lost.  *Id*. at 154-60.

Williams testified that Gibson asked her to hold some money for him,

and that after Simmons admitted to her that he took the money she called

Gibson.  ECF No. 10-1 at 71-74.

Two other witnesses testified that they saw two men running on the

night of the incident, and Claudine Jones identified Gibson as the shirtless

man in the back who had a gun.  *Id*. at 75-83; 121-24.

GPD Sergeant Nabet testified that he responded to the scene

following the 911 call.  Gibson's shirt and several .9 millimeter shell

casings and bullet fragments were found.  Nabet listened to the voicemail

message on Simmons' phone, which made reference to a shooting and

made threats.  After listening to and recording the message, Nabet called the number from which the message was received.  Nabet asked for "Gerrick" and the person answering the phone said "this is Gerrick."  *Id*. at 84-121; 160-66.  GPD Officer Trahan also testified that he listened to the voicemail message, which was partially garbled, and the court permitted him to testify regarding the portions that he could understand.  *Id*. at 176-78.

At the close of the State's case-in-chief, the court denied Petitioner's motion for a judgment of acquittal.  ECF No. 10-1 at 180-86.

Petitioner testified in his own behalf that when he confronted Simmons he removed his shirt to fight him over the money, and that it was Simmons who pulled out a gun.  Simmons pointed the gun at Petitioner and a shot was fired.  Simmons dropped the gun and Petitioner picked it up.  Because Petitioner feared for his life, he shot at Simmons and ran after him, continuing to shoot.  Petitioner testified that he did not know where the gun was.  ECF No. 10-1 at 188; 10-2 at 1-8.  Over defense counsel's objection, on cross-examination the State asked Petitioner whether he reported th incident to police, whether he called 911, and whether he told others about the incident.    ECF No. 10-2 at 14.

During the charge conference, the court addressed the jury instruction for the lesser included offenses of attempted second degree murder, attempted voluntary manslaughter, aggravated assault, and assault.  Petitioner's trial counsel, Mr. Stokes, stated that the court's list included all of the lessers that he was going to request.  Counsel discussed the lesser-included offenses in closing argument, stating that the evidence at most reflected "some form of assault, either an aggravated assault or a simple assault[.]"  ECF No. 10-2 at 72.  The court instructed the jury on the crime of attempted first degree murder and the lesser-included crimes of attempted second degree murder, attempted voluntary manslaughter, aggravated assault, and assault.  *Id.* at 100-03.

Petitioner was found guilty of the lesser-included offense of aggravated assault, with a special finding that he discharged a firearm.  ECF No. 10-2 at 159-60.   The felon-in-possession charge was bifurcated and he was found guilty at a separate trial.  *Id*. at 156.  Petitioner appealed, arguing as the sole issue for appeal that the trial court abused his discretion in allowing the State to cross-examine Petitioner regarding his pre-arrest silence.  ECF No. 10-3 at 144-70.  The First DCA affirmed, *per curiam*, without written opinion.  *Gibson v. State*, 984 So.2d 1252 (Fla. 1st

DCA 2008).

Petitioner then sought postconviction relief asserting three claims of ineffective assistance of counsel.  The trial court summarily denied relief, without an evidentiary hearing.  ECF No. 10-3 at 37-39; 47-50 (rehearing). The First DCA affirmed, *per curiam*, without written opinion.  *Gibson v. State*, 26 So.3d 584 (Fla. 1st DCA 2009).

Petitioner filed a petition for a writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel for failing to raise other claims on direct appeal.  ECF No. 10-3 at 62-75.  The First DCA denied the petition on the merits, *per curiam*, without a written opinion.  ECF No. 10-3 at 79.

Petitioner filed another motion for postconviction relief alleging ineffective assistance of trial counsel for failing to object to the jury instruction on aggravated assault.  The motion was denied as untimely, and the First DCA affirmed, *per curiam*, without written opinion.  ECF No. 10-3 at 137-38;  *Gibson v. State,* 119 So.3d 445 (Fla. 1st DCA 2013).

The instant petition, which Respondent concedes is timely, followed. Petitioner asserts the following claims: (1) his appellate counsel was ineffective for not asserting other claims on direct appeal; (2) his

constitutional rights were violated when the State was allowed to cross-examine him on his pre-arrest silence; (3) trial counsel was ineffective for conceding his guilt of aggravated assault; and (4) the trial court erred in dismissing his second postconviction motion as time-barred.  ECF No. 1.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be

procedurally barred under state law, the claim is procedurally defaulted.

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas

courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the

failure to properly present the claim and actual prejudice from the default,

or (2) that a fundamental miscarriage of justice would result if the claim

were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of

justice exists "where a constitutional violation has probably resulted in the

conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144,

1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a

petitioner must present new reliable evidence that was not presented at

trial showing that "it is more likely than not that no reasonable juror would

have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*,

513 U.S. 298, 324 (1995).

### III.  Section 2254 Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and

Effective Death Penalty Act (AEDPA) imposes further limitations on the

scope of this Court's review.   Under 28 U.S.C. § 2254(d)(2), a federal

court may not grant a state prisoner's application for a writ of habeas

corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow*, ___ U.S. ___,  2013 WL 5904117, \*4 (2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

        As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, \*4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of

federal rights." *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it

is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct.

at 786).  "We will not lightly conclude that a State's criminal justice system

has experienced the 'extreme malfunction' for which federal habeas relief

is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## IV.  Discussion

### A.  *Ineffective Assistance of Appellate Counsel*

#### 1.  *Instructions on Lesser-Included Offenses*

Petitioner contends that his appellate counsel rendered ineffective

assistance for failing to raise as an issue on appeal that the jury

instructions allowed the jury to find Petitioner committed an act that was

not charged in the information.  Petitioner contends that he was charged

with attempted first degree murder, and the information recited the

elements of that charge but failed to include the elements of aggravated

assault as a lesser-included offense.  Specifically, the elements of "putting

life in jeopardy" and "placing victim in imminent fear of danger" were

separate and distinct elements from the attempted murder charge.  ECF

No. 1 at 12-14.[3]  As explained above, the First DCA rejected this claim on

---

[3]Petitioner expresses this claim as one of error by the First DCA in denying his
habeas corpus petition, but his underlying federal constitutional claim is one of

the merits, without a written opinion.

In the context of a federal habeas corpus claim, a petitioner must establish prejudice in order to succeed, even if there was some structural error in the criminal proceedings. *Chambers v. Sec'y, Dept. of Corr.*, 2012 WL 653879, 459 Fed. Appx. 852 (11th Cir. 2012) (citing *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006)). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It is not enough for the petitioner to show that the error had some conceivable effect on the outcome; he must show that the result would have been different. *Id*. at 693.

As Respondent points out, under Florida law a defendant may be convicted under an erroneous lesser included offense if he failed to object to the charge and if (1) the improperly charged offense is lesser in degree and penalty than the main offense, or (2) counsel requested the improper charge or relied on the charge as evidenced by argument to the jury or other affirmative action. *Nesbitt v. State*, 889 So.2d 801 (Fla. 2004). The record in this case thus supports a conclusion that even if appellate

---

ineffective assistance of appellate counsel.

counsel had raised the issue on appeal it would not have been successful.

Further, the evidence presented at trial, as summarized above, supports a conclusion that the jury could have found Petitioner guilty of the main charge of attempted first degree murder.  Petitioner at least arguably benefitted from trial counsel's decision to request lesser-included offense instructions.  Even if it is *conceivable* that Petitioner would have been fully acquitted if the jury was not instructed on lesser-included offenses, that is not the applicable standard.  *See Chambers,* 2012 WL 653879 **3. Petitioner must show that there is a "reasonable probability" of a different outcome.  *Id*. (finding no *Strickland* prejudice shown where petitioner argued that the jury would have selected a lower offense but for inclusion of a higher offense in the jury charge).  Given the evidence adduced at trial, Petitioner has not shown a reasonable probability that the outcome of the proceeding would have been different but for appellate counsel's failure to include this issue on appeal.

Thus, on this record, the undersigned concludes that Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

### 2. Failure to Appeal Issue of Unintelligible Recording

Petitioner also contends that his appellate counsel was ineffective for failing to include as an issue on appeal the trial court's evidentiary rulings allowing witnesses to testify as to the contents of the inaudible recording of the voicemail message received by the victim from Petitioner.  ECF No. 1 at 15.  The trial court permitted the victim to testify regarding the substance of the message because he was familiar with the contents of the message. ECF No. 10-2 at 156-59.  Defense counsel objected to testimony by law enforcement regarding the contents of the message on the grounds of best evidence and hearsay.  *Id*. at 156-57.

To the extent that Petitioner is challenging the trial court's evidentiary ruling, a state trial court's evidentiary rulings do not provide a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial.  *See Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998).   A Petitioner must show that the ruling was more than merely erroneous; it must have had "'[a] substantial and injurious effect or influence in determining the jury's verdict.'" *Id*.  (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).   In this case, Petitioner's trial counsel was able to highlight the poor quality of the recording in his cross examination and argued in closing that the recording was "worthless,"

pointing out that each of the three witnesses who testified about the voicemail gave differing accounts of its contents.  ECF No. 10-2 at 80-81. In light of the record as a whole, Petitioner has not shown that the trial court's evidentiary rulings regarding this evidence had a substantial and injurious effect.

Moreover, as an ineffective-assistance claim Petitioner offers only his conclusional assertion that he was prejudiced by appellate counsel's failure to challenge the evidentiary rulings on appeal.  ECF No. 1 at 15.  Such conclusional assertions are insufficient to support a claim for habeas corpus relief.  On this record, the undersigned concludes that Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## B.  Trial Court Error for Allowing Questioning on Pre-Arrest Silence

Petitioner contends that the trial court erred by allowing the prosecutor to cross-examine him regarding his failure to tell anyone about the alleged attack on Petitioner by the victim.  The prosecutor elicited Petitioner's testimony on cross-examination that after the alleged incident Petitioner did not call 911 or go to the police.   The trial court admitted the testimony over counsel's objection after finding that it was not an improper

comment on Petitioner's right to remain silent.  ECF No. 10-2 at 8-11.

Again, state court evidentiary rulings do not provide a basis for

habeas corpus relief absent a showing that the ruling affected the

fundamental fairness of the trial.  In this case, Petitioner elected to testify

on his own behalf to advance his theory that Simmons attacked him with a

gun and Petitioner then acted in self-defense.  A criminal defendant's right

to remain silent is not violated by the use of pre-arrest silence to impeach

his credibility.  *Jenkins v. Anderson*, 447 U.S. 231, 238 (1980).  It was

therefore not fundamentally unfair or a violation of the constitution for the

prosecutor to explore Petitioner's defense theory by pointing out that

Petitioner did not undertake to report any attack by Simmons.   On this

record, Petitioner has failed to show that the state court's rejection of this

claim was contrary to, or an unreasonable application of, federal law.

## C.  *Ineffective Assistance for Conceding Guilt*

Petitioner contends that his trial court was deficient for "conceding

his guilt" of aggravated assault in closing argument when Petitioner did not

authorize counsel to do so.  ECF No. 1.

In rejecting this claim on postconviction review, the state court noted

that in closing arguments Petitioner's counsel stated "I'm going to play

devil's advocate for a moment . . . in a light most favorable to the state,

what you have, if you have anything here, is an assault, some form of

assault." ECF No. 10-2 at 70-71. The court determined that counsel's

statements did not amount to a concession of guilt but rather was a

hypothetical used to illustrate to the jury that there were holes in the state's

case regarding the attempted murder charge. The court further found that

conceding guilt to a lesser-included offense is not necessarily ineffective

assistance and instead can be sound trial strategy. ECF No. 10-3 at 49-50

(citing *Griffin v. State*, 886 So.2d 1, 10 (Fla. 2003); *Atwater v. State*, 788

So. 2d 223, 229 (Fla. 2001)).

First, as the state court found counsel's statement, when read in

context, supports the remainder of his argument that there were evidentiary

flaws in the State's attempted-murder case. Second, even if the statement

is read as conceding guilt of a lesser-included offense doing so is not

presumptively prejudicial. Rather, the focus is on whether counsel dutifully

tested the government's case as a whole. *Darden v. United States,* 708

F.3d 1225, 1230-33 (11th Cir. 2013). In this case, the record as a whole

reflects that Petitioner's counsel vigorously tested the State's case and

supports a determination that counsel's statement in closing argument

reflects neither deficient performance nor prejudice. On this record, the

undersigned concludes that Petitioner has failed to show that the state

court's rejection of these ineffective-assistance claims was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Burt,* 134 U.S. at 15.

### D.  Dismissal of Second, Untimely Rule 3.850 Motion

Petitioner contends that his trial counsel was ineffective for failing to object to the jury instruction on the lesser-included offense of aggravated assault.  ECF No. 1 at 24.  Petitioner raised this claim in his second Rule 3.850 proceeding, but the motion was dismissed by the state court as time-barred.  ECF No. 10-3 at 137.  The Respondent contends that this claim is therefore procedurally defaulted and foreclosed from federal review.  ECF No. 10.

In reply, Petitioner argues that the claim is reviewable pursuant to *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012).  In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding."  *Martinez*, 132 S.Ct. 1315.  In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. *See Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (to

overcome procedural default, petitioner must have substantial claim of ineffective assistance of trial counsel; be unrepresented or represented by ineffective counsel during state collateral review that is the initial review regarding that claim; and state law requires that an ineffective assistance claim be raised in an initial-review collateral proceeding).

In this case, Petitioner has not established that he has a substantial claim of ineffective assistance of trial counsel such that he can overcome the procedural default of his claim.  The record reflects that counsel requested instructions on lesser-included offenses, and thus it is illogical to suggest that counsel should have objected to the aggravated-assault instruction.

Further, Petitioner essentially restates the claim discussed above that his appellate counsel was ineffective for failing to raise the issue of lesser-included-offense instructions on appeal.

For the same reasons discussed above, Petitioner has failed to demonstrate prejudice due to counsel's asserted failure because he has not shown that there is a reasonable probability that the outcome of the proceeding would have been different.  In fact, as stated previously, given the evidence adduced at trial it appears likely that the jury would have convicted Petitioner of the main charge if not for the option to convict him

of a lesser-included offense.  The Court therefore concludes that this claim is procedurally defaulted and foreclosed from federal review.

## V.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that

the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF

No. 1, should be **DENIED** and a COA should be **DENIED.**

IN CHAMBERS this 10th day of February 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**